**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAHRAM TOKLEH,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　Respondent. | No.　15-71082<br><br>Agency No. A201-195-998<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before:　　TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

　　Shahram Tokleh, a native and citizen of Iran, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Tokleh established extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Thus, Tokleh's asylum claim fails.

We lack jurisdiction to consider Tokleh's past persecution claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider claims not presented to the agency). Substantial evidence supports the agency's conclusion that Tokleh failed to establish a clear probability of future persecution. *See Lanza v. Ashcroft*, 389 F.3d 917, 935 (9th Cir. 2004) (no clear probability of future persecution). Thus, Tokleh's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Tokleh failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Iran. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-71082